IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-240 |
| | ) | |
| JARED T. WILLIAMS, District Attorney; | ) | |
| JOHN TARPLEY, Investigator; KEAGAN | ) | |
| WAYSTACK, Assistant District Attorney; | ) | |
| and PATRICK BROWN, Gang Unit | ) | |
| Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE AMENDED COMPLAINT

   A.   BACKGROUND

In his amended complaint, Plaintiff names the following Defendants in their official capacities: (1) Jared T. Williams, District Attorney Augusta Judicial Circuit, (2) Keagan Waystack, Assistant District Attorney Augusta Judicial Circuit, (3) Investigator John Tarpley,

and (4) Investigator Patrick Brown. (Doc. no. 11, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 1, 3, and 8, 2024, Defendant Tarpley intercepted and seized wire communications from cell phone number (762) 585-0314. (Doc. no. 12, p. 1.) The communications were intercepted without authorization and should have been immediately terminated. (Id.) On May 17, 2024, Defendant Brown and other law enforcement officials executed a warrantless and unannounced search of a vehicle belonging to Ryan T. Daggett outside Plaintiff's home. (Id.) On May 31, 2024, Defendant Waystack hand-delivered an inventory to Plaintiff while he was incarcerated at CBWDC. (Id.) The inventory related to communications to be intercepted from cell phone number (762) 585-0314, but did not identify Plaintiff as a person of interest or otherwise allege Plaintiff was a person whose communications would be intercepted. (Id.)

On August 13, 2024, Plaintiff was indicted after the four named defendants testified before a grand jury and disclosed evidence derived from the interception of oral and wire communications. (Doc. no. 11, p. 4; see also doc. no. 12 at 1.) The evidence was presented in support of an offense that did not relate to those specified in the wiretap's authorization order, in violation of Title III of The Omnibus Crime Control and Safe Streets Act. (Doc. no. 11, pp. 4-6; doc. no. 12, p. 2.) Plaintiff also alleges his Fourth Amendment Right to privacy was violated by Defendants' interception of Plaintiff's communications and the unlawful wiretaps resulted in his indictment under Georgia's Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Doc. no. 11, pp. 5-6.) Plaintiff further claims similar events also resulted in the indictments of fifteen other individuals. (Id. at 7.) As a result, Plaintiff experienced mental and emotional distress for which he has had to receive therapy and anxiety

medication. (Id. at 7.) For relief, Plaintiff requests compensatory and punitive damages. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555,

3

557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed only one other lawsuit he filed in state or federal court dealing relating to the conditions of his imprisonment: Humphrey v. Moody, No. CV 724-006 (M.D. Ga. Jan. 22, 2024). (Doc. no. 11, p. 12.) However, the Court is aware Plaintiff previously filed at least three other cases in federal court: Humphrey v. Emmons, No. CV 719-025 (M.D. Ga. June 14, 2019); Humphrey v. Williams, No. CV 124-177 (S.D. Ga. Dec. 19, 2024); and Humphrey v. Allen, No. CV 119-006 (S.D. Ga. Apr. 1, 2019). Plaintiff commenced these cases before filing his amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the

4

>court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of

perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose the prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 3. Plaintiff's Claims Are Due to be Dismissed Under the Younger Doctrine

Even if Plaintiff had not failed to disclose his prior cases, dismissal is warranted under the Younger abstention doctrine. Investigations, charging decisions, and decisions to admit evidence during state criminal proceedings belong to state authorities. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512

6

F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records confirm what the amended complaint implies, i.e., state criminal proceedings are ongoing.[1] Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting such offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established the state proceedings would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise in the state trial courts his complaints regarding the wiretap evidence presented against him and the validity of the indictment issued by the grand jury. See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Thus, Plaintiff has not satisfied his burden of showing the state proceedings cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from considering Plaintiff's claims under the Younger doctrine, and such claims should be dismissed without prejudice. See Jackson v.

---

[1] See Richmond County Superior Court Docket, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search" hyperlink; search for "Humphrey, Gregory"; and open 2024RCCR00965) (last visited Mar. 20, 2025); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint").

### 4. Plaintiff's Official Capacity Monetary Claims

Plaintiff sues all Defendants only in their official capacities. (Doc. no. 11, pp. 2-3.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA